[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 14-11065; 15-12712
Non-Argument Calendar

_____

D.C. Docket No. 1:91-cr-00317-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON LOPEZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(November 30, 2016)

ON PETITION FOR REHEARING

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Ramon Lopez moved for panel rehearing in this case of an opinion originally filed on September 23, 2016.  We grant the motion for rehearing, vacate our prior opinion, and substitute for it the following opinion.

Lopez, a federal inmate currently serving a life sentence, appeals from an April 24, 2015 order of the United States District Court for the Southern District of Florida denying his motion to reconsider its April 7, 2015 order granting Plaintiff-Appellee United States of America's ("the Government") motion for a disbursement of funds from Lopez's inmate trust account with the United States Bureau of Prisons ("BOP").[1] On appeal, Lopez claims that the district court erred as a matter of law in entering an earlier January 27, 2010 order because the court failed to hold a requested evidentiary hearing as required by 28 U.S.C. §3205(c)(5). However, the January 27, 2010 order is not properly on appeal, and in any case, Lopez failed to raise this argument in his motion for reconsideration. Therefore, the argument is abandoned, and after careful review of the briefs and relevant parts of the record, we affirm.

---

[1]    We do not consider the merits of the district court's January 27, 2010 order granting the Government's motion for a disbursement of funds from Lopez's inmate trust account for lack of jurisdiction. DE 420. Under 28 U.S.C. 2107(b)(1), in cases where one of the parties is the United States, we lack jurisdiction to hear an appeal of a district court order unless a notice of appeal is filed within sixty days after the entry of the order being appealed.  Lopez failed to meet this requirement with regard to the district court's January 27, 2010 order because Lopez never filed a notice of appeal of that order. The notice of appeal filed in the instant case gave notice of appeal only of the district court's April 24, 2015 order denying Lopez's motion for reconsideration. DE 452.  For these reasons, we do not review Lopez's claims as they relate to the January 27, 2010 order granting the Government's motion for a disbursement of funds from Lopez's inmate trust account. Rather, we analyze only Lopez's arguments as they relate to the district court's denial of his motion for reconsideration

2

The Federal Debt Collection Procedures Act of 1990 ("FDCPA") "provides the exclusive civil procedures for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). Pursuant to the FDCPA, "[a] court may issue a writ of garnishment against property . . . in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." § 3205(a). Among the procedural requirements provided in the Act, the United States must serve the writ on both the garnishee and the debtor. § 3205(c)(3). The garnishee must file a written answer to the writ under oath. § 3205(c)(4). Once the garnishee files its sworn written answer to the writ, "the judgment debtor or the United States may file a written objection to the answer and request a hearing." § 3205(c)(5). "The court shall hold a hearing within 10 days after the date the request is received by the court, or as soon thereafter as is practicable, and give notice of the hearing date to all the parties." Id.

In the instant case, Lopez was convicted in the Southern District of Florida and sentenced to life imprisonment on October 29, 1993. The judgment also included a fine in the amount of $25,000 plus statutory interest due immediately. DE 265.

More than sixteen years later, the Government applied for a Writ of Garnishment against Lopez on November 10, 2009. DE 414. The application stated that, as of November 6, 2009, Lopez had paid only $925.00 of the $25,000 fine and

3

that the balance of the judgment remained due. DE 414:1. The application further named the BOP as garnishee and stated the United States' belief that the BOP Inmate Trust Account for Lopez had in its "possession, custody or control, property or assets in which defendant has a substantial nonexempt interest." DE 414:2. The writ was issued on the same day. DE 415.

The BOP filed an answer to the writ of garnishment on December 4, 2009. DE 416. The answer stated that the present value of Lopez's Trust Fund Account was $54,088.11 and that there was a hold of $45,000.00 on the account, which had been placed at the direction of agency counsel and the BOP's Special Investigative Service. DE 416:1.

Lopez, appearing *pro se*, filed a "Motion to Dissolve Writ of Garnishment and Remove Lien" on January 7, 2010. In the Motion, Lopez stated that he "[did] not dispute the existence of the fine impose by the Court on October 29, 1993" but "expressly denie[d]" that the Government was entitled to garnish his prison account to satisfy the judgment. DE 417:2. Specifically, Lopez argued that the application for a writ of garnishment suffered from numerous procedural deficiencies, and, among other things, that the account contained "mostly" funds derived from insurance proceeds paid to cover damages caused to his house by Hurricanes Katrina and Wilma which were "probably exempt from garnishment under federal and State of Florida law." See DE 417:2-4. For these reasons, Lopez requested the district court to issue an order dissolving the writ of garnishment and

4

removing the lien placed on his prison account or, "in the alternative, scheduling an evidentiary hearing on the matter." DE 417:4.

The Government filed a response requesting the district court deny Lopez's motion on January 20, 2010. DE. 419. The Government's response made no reference to Lopez's alternative request for a hearing. On January 27, 2010, without the benefit of a hearing, the district court denied Lopez's motion. DE 420. The district court's order did not address Lopez's request for an evidentiary hearing.

Subsequently, as relevant here, Lopez filed a motion on February 2, 2010 captioned "Motion to Vacate or Stay the Court's January 27, 2010 Order," DE 422, and another motion on March 3, 2010 captioned "Motion for Reconsideration and/or Clarification of the January 27, 2010 Order." DE 426. Neither of these motions raised the issue of an evidentiary hearing. On April 30, 2010, Lopez filed another motion captioned "Defendant's Motion for Declaratory and Injunctive Relief and Request for Expedite Evidentiary Hearing," but that motion requested only a hearing to determine whether the interim freezing of the funds in his prison account was lawful. It did not, as in the January 7, 2010 motion, request a hearing on the merits of the FDCPA garnishment order. DE 433. The district court denied that motion on May 4, 2010, DE 434, and Lopez filed an interlocutory appeal of the denial in this Court on June 17, 2010. DE 437. Lopez's appeal was dismissed by this Court on August 23, 2014 following Lopez's motion

for voluntary dismissal. DE 444.

Following the dismissal of Lopez's appeal, the Government filed a motion requesting an order on the distribution of the funds in Lopez's inmate trust account. DE 445. The district court granted that motion on April 7, 2015. DE 449. Lopez then filed a Motion for Reconsideration of the district court's disbursal order on April 21, 2015. DE 450. The Motion for Reconsideration made no request for an evidentiary hearing. On April 24, 2015, the district court denied Lopez's Motion for Reconsideration. DE 451. Lopez then filed the Notice of Appeal in the instant case, in which he gave notice of his appeal to the Eleventh Circuit Court of Appeals "from the final judgment order entered in this case on April 24, 2015." DE 452.

On appeal, Lopez argues that the district court abused its discretion in issuing the January 27, 2010 garnishment order because it applied the wrong law. Specifically, Lopez argues that the district court's January 27, 2010 order violated 28 U.S.C. 3205(c)(5) by failing to hold an evidentiary hearing as requested in Lopez's January 7, 2010 Motion to Writ of Garnishment and Remove Lien.

We have no opportunity to decide whether the district court erred in its January 27, 2010 garnishment order because that order is not properly on appeal. The only order appealed by Lopez is the district court's April 24, 2015 order denying his Motion for Reconsideration of the district court's April 7, 2015 order granting the Government's Motion for an Order to Disburse the Funds that are

6

Subject to the Writ of Garnishment. Moreover, Lopez did not raise the issue of an evidentiary hearing in the Motion for Reconsideration that was denied by the order currently on appeal. Therefore, the issue is abandoned. Because Lopez raises no arguments challenging the district court's April 24, 2015 order—the only order on appeal here—we affirm the judgment of the district court.

In the alternative, even if Lopez had properly appealed from the district court's underlying orders, we still would not say that the district court erred by refusing to hold an evidentiary hearing. Under federal law, the issues at such a hearing are limited to "the probable validity of any claim of exemption by the judgment debtor" and whether the Government complied with statutory notice requirements. 28 U.S.C. § 3202. Even liberally construing Lopez's pleadings, he failed to present a colorable claim that he was entitled to any of the exemptions available to a criminal debtor owing restitution. *See* 18 U.S.C. § 3613(a)(1), (f); 26 U.S.C. § 6334(a). With regard to notice, although Lopez initially argued that the Government had failed to provide him with proper notice, we agree with the district court that any such error was corrected when the Government subsequently complied with the statutory notice requirement. Because Lopez failed to raise even a colorable claim that the Government failed to comply with a statutory notice requirement or that he had a colorable claimed exemption, we cannot say that the district court erred by failing to hold a hearing.

AFFIRMED.

7